IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STAMAR RICHARD MILLER,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-1712 |
| | : | |
| **ESQ. DEAN BROWNING,** | : | |
|     Defendant. | : | |

<u>**MEMORANDUM**</u>

**YOUNGE, J.**                                                                                                           **JUNE 2, 2023**

Staymar Richard Miller, a convicted prisoner housed at George W. Hill Correctional Facility, filed this civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendant is Deon Browning, Esq., an attorney appointed to represent Miller in his criminal case in Delaware County.[1] Miller also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Miller leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice.

**I.      FACTUAL ALLEGATIONS**[2]

Miller alleges that Browning provided ineffective assistance of counsel and violated his Sixth Amendment rights. (Compl. at 2.) He asserts that Browning was appointed to be his counsel on December 22, 2021 in accordance with the terms of the "Delaware County Indigent Defense Plan." (*Id*. at 3.) Miller claims he had little communication with Browning and that this

---

[1] Browning's first name is spelled incorrectly on the docket. In the accompanying Order, the Clerk of Court will be directed to correct the spelling.

[2] Unless otherwise provided, the factual allegations set forth in this Memorandum are taken from Miller's Complaint (ECF No. 1). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

caused him to contemplate proceeding *pro se* in his criminal case with Browning acting only as stand-by counsel. (*Id*.) He ultimately decided not to pursue that option and went to trial represented by Browning. (*Id*.) He requested Browning subpoena two officers from the Chester Police Department but Browning never did so. (*Id*.) When Miller questioned him, Browning "got upset and insulted [Miller] stating because it [is] a civil matter you [expletive deleted]." (*Id*.) Miller alleges that he observed Browning gambling using his cell phone during trial proceedings and, when Miller confronted him about it, he insulted him again and told him to shut up and "you're getting found guilty." (*Id*.) Browning allegedly kept referring to the prosecutor as his colleague before the jury and admitted to the jury that Miller was incarcerated. (*Id*.) Browning allegedly offered no defense in his opening and closing arguments. (*Id*. at 3-4.) As relief on his claim, Miller seeks money damages, a new trial on his criminal charges, and that Browning be suspended from the practice of law. (*Id*. at 4.)

A review of public records indicates that Defendant Browning was appointed by the Delaware County Court of Common Pleas to represent Miller in criminal proceedings that resulted in Miller being convicted by a jury of involuntary deviate sexual intercourse, sexual assault, burglary and related offenses on March 22, 2023. *See Commonwealth v. Miller*, CP-23-CR-0000459-2021 (C.P. Delaware). Prior to his trial, Miller filed a *pro se* motion for new counsel on April 27, 2022. *Id*. That motion, however, was withdrawn. *Id*.

## II.    STANDARD OF REVIEW

The Court grants Miller leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Miller is proceeding *pro se*, the Court construes the allegations of the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013))).

**III.   DISCUSSION**

Miller asserts claims for civil rights violations against Browning pursuant to § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Any constitutional claim against Browning based on his role as defense counsel in Miller's criminal case is not plausible and must be dismissed because an attorney performing the traditional functions of counsel – whether privately retained, court-appointed, or a public defender – is not a person acting under color of state law for purposes of § 1983. *See Gannaway v. Stroumbakis*, 842 F. App'x 725, 730 (3d Cir. 2021) (*per curiam*) (noting that "[a] privately retained attorney clearly does not act under color of state law, and . . . that 'no color of state law attache[s] to the functions of court-appointed counsel.'") (citation omitted); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law

when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for purposes of § 1983). "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999); *see also Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."); *Singh v. Freehold Police Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him.").

For this reason, Miller's claim against Browning for money damages will therefore be dismissed with prejudice as any attempt to amend the claim would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile").[3]

---

[3] To the extent that Miller seeks as relief on his claim against Browning that he receive a new trial on the charges for which he was convicted, that claim is not plausible for the additional reason that such relief is not available for a § 1983 claim. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Jaffery v. Atl. Cnty. Prosecutor's Office*, 695 F. App'x 38, 41-42 (3d Cir. 2017) (*per curiam*) ("[T]o the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus."); *Duran v. Weeks*, 399 F. App'x 756, 759 (3d Cir. 2010) (*per curiam*) ("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus."). This means that Miller cannot pursue his request for a new trial in a civil rights action such as this one regardless of who he has named as a defendant, but rather must file a *habeas corpus* petition if he seeks release on the basis that his confinement is unconstitutional. *See generally* 28 U.S.C. § 2241.

BY THE COURT:

**/s/ *John Milton Younge***
**JOHN MILTON YOUNGE, J.**

---

To the extent that Miller seeks as relief on his claim that Browning's law license be suspended or that he be disbarred from the practice of law, the Court has no authority to grant such relief.  *See, e.g.*, *Gintner v. O'Neill*, No. 21-755, 2022 WL 4446368, at *1 n.1 (W.D. Wis. Sept. 23, 2022) (stating that "the court is unaware of any authority that would allow it to grant" as relief in a § 1983 case that the defendant attorney be disbarred).